Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Rd., Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHRISTOPHER A. NOVINGER | § | CASE NO. 16-40316 |
| | § | |
| Debtor. | § | CHAPTER 7 |
| | § | |
| | § | |

**MOTION TO REOPEN CASE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 147 U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TX 76102-3643 ON OR BEFORE JUNE 27, 2019, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Christopher A. Novinger, Debtor in the above entitled and numbered case

("Debtor"), and files this, his *Motion to Reopen Case* ("Motion"), and in support thereof would

respectfully show unto the Court as follows:

## I.
## JURISDICTION & VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(1), and the standing order of reference of the District Court.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## II.
## FACTUAL BACKGROUND

4. Christopher A. Novinger, Debtor, is an individual residing in the State of Texas.

5. This case was commenced as a Chapter 7 on January 22, 2016. The Debtor received his discharge on May 16, 2016. The case was closed as a no asset case on January 31, 2019.

6. Debtor scheduled potential causes of action against Conestoga, DeLeon, and Washburn for fraud, misrepresentation and breach of contract.

7. Debtor now believes that, as against DeLeon and Conestoga, he has meritorious claims for negligence, breach of fiduciary duty, fraud, and conspiracy. Debtor believes such claims would, upon trial or settlement, have distributable value to creditors.

8. On such basis, Debtor brings this instant Motion.

## III.
## ARGUMENTS & AUTHORITIES

9. Pursuant to 11 U.S.C. § 350(b) and Fed. R. Bank. P. 5010, on the motion of a party in interest this Court may reopen a bankruptcy case for cause:

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b).

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. Fed. R. Bank. P. 5010.

10. The Court has broad discretion and "significant flexibility" in deciding whether to reopen

a bankruptcy case. *Weaver v. Tex. Capital Bank NA (In re SL Mgmt., LLC)*, Nos. 08-40143-rfn-11, 09-04254, 2010 Bankr. LEXIS 1074, at *11 (Bankr. N.D. Tex. 2010); *see also Litto Loan Servicing, L.L.P. v. Eads (In re Eads)*, 417 B.R. 728, 742 n.16 (Bankr. E.D. Tex. 2009). This discretion "depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy proceedings."[1] The bankruptcy court "should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice."[2]

11. In fact, the catch-all phrase "for other cause" in Section 350(b) is a generous term that is designed to encompass a wide range of circumstances that could not be anticipated by the statute's drafters.[3]

12. Here, Debtor seeks to reopen the case so the trustee may appropriately administer the causes of action, which are assets of the bankruptcy estate, and generate value for the Creditors. Debtor argues that this new prospective value constitutes good cause and aligns with the underlying purposes of the bankruptcy construct.

13. 11 U.S.C. § 350(b) expressly provides for the reopening of a case to administer assets. What Debtor seeks herein is exactly that: to reopen the case so that the trustee, with full knowledge, may administer the causes of action for the benefit of the estate and its creditors.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the Court enter an order directing the Clerk of the Court to reopen the case and that the Court grant such other and further relief as it may deem just and proper.

---

[1] *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991) ("The phrase 'or other cause' as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for reopening has been shown.").
[2] *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991).
[3] *See In re Hofmann*, 248 B.R. 79, 88 (Bankr. W.D. Tex. 2000).

Dated: June 6, 2019

                                      Respectfully Submitted,

                                      */s/ Joyce W. Lindauer*
                                      Joyce W. Lindauer
                                      State Bar No. 21555700
                                      Jeffery M. Veteto
                                      State Bar No. 24098548
                                      Joyce W. Lindauer Attorney, PLLC
                                      12720 Hillcrest Rd., Suite 625
                                      Dallas, Texas 75230
                                      Telephone: (972) 503-4033
                                      Facsimile: (972) 503-4034
                                      Email: joyce@joycelindauer.com
                                                jeff@joycelindauer.com
                                      **ATTORNEYS FOR DEBTOR**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 6, 2019, a true and correct copy of the foregoing Motion was forwarded via email pursuant to the Court's ECF system to those parties receiving electronic notice in this case and/or via United States first class mail, postage prepaid, to the parties on the attached service list.

                                          */s/ Joyce W. Lindauer*
                                          Joyce W. Lindauer

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-4<br>Case 16-40316-elm7<br>Northern District of Texas<br>Ft. Worth<br>Thu Jun  6 15:41:03 CDT 2019 | Navy Federal Credit Union<br>PO Box 3502<br>Merrifield, VA 22119-3502 | Securities and Exhange Commission<br>175 West Jackson Blvd., Ste 900<br>Chicago, IL 60604-2908 |
| Texas Workforce Commission<br>Jay W. Hurst<br>c/o Sherri K. Simpson, Paralegal<br>P.O. Box 12548<br>Austin, TX 78711-2548 | 501 W. Tenth Street<br>Fort Worth, TX 76102-3637 | Attorney General of Texas<br>Bankruptcy Div<br>PO Box 12548<br>Austin, TX 78711-2548 |
| (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | EDU Tax Advisors, LLC<br>7117 US 31 South,<br>Indianapolis, IN 46227-8536 | Heathcare Advocates Inc.<br>1722 Routh St., Suite 1500<br>Dallas, TX 75201-2532 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>Mail Code DAL-5020<br>1100 Commerce Street<br>Dallas, Texas 75242-1100 | Lending Club<br>71 Stevenson St., Suite 300<br>San Francisco, CA 94105-2985 |
| Navy Federal Credit Union<br>5102 N. President George Bush Hwy<br>Garland, TX 75040-2795 | Rebecca R. Novinger<br>312 Dover Heights Trail<br>Mansfield, TX 76063-7584 | Reputation Management Consultants, Inc.<br>92 Corporate Park Ste C700<br>Irvine, CA 92606-5146 |
| Reputation Management Consultants, Inc.<br>c/o law Office of J.D. Cuzzolina, Esq.<br>5753G Santa Ana Canyon Road #297<br>Anaheim Hills, CA 92807-3296 | Securities and Exchange Commission<br>co Sonia A. Chae<br>175 West Jackson Blvd., Suite 900<br>Chicago, Illinois 60604-2815 | Texas Workforce Commission<br>101 E. 15ht St., Room 556<br>Austin, TX 78701-1442 |
| Texas Workforce Commission<br>Jay W. Hurst, Asst. Attorney General<br>c/o Sherri K. Simpson, Paralegal<br>P.O. Box 12548<br>Austin, TX  78711-2548 | Texas Workforce Commission<br>Regulatory Integrity Division - SAU<br>Room 556<br>101 E. 15th Street<br>Austin, TX 78778-0001 | U. S. Trustees Office<br>1100 Commerce Street<br>Room 9C60<br>Dallas, TX 75242-0996 |
| US Attny. General<br>10th and Constitution Ave.,NW<br>Main Justice Bldg. Rm. 5111<br>Washington, DC 20530-0001 | US Securities and Exchange Commission<br>B. David Fraser<br>Burnett Plaza, Suite 1900<br>801 Cherry St., Unit 18<br>Fort Worth, TX 76102-6882 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 |
| Christopher A. Novinger<br>312 Dover Heights Trail<br>Mansfield, TX 76063-7584 | John Dee Spicer<br>Suite 560, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202-4404 | Joyce W. Lindauer<br>Joyce W. Lindauer Attorney, PLLC<br>12720 Hillcrest Road<br>Suite 625<br>Dallas, TX 75230-2163 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).